IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL CASE NO. 1:15-CR-178-RWS-LTW |
| HUMBERTO VEGA-GUTIERREZ, | |
| Defendant | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is presently before the Court to determine the competency of Defendant Humberto Vega-Guttierrez ("Defendant") to stand trial. Defendant has been indicted by the Grand Jury for with conspiring to knowingly and intentionally possess with the intent to distribute, possession with intent to distribute, and distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), 846, and 18 U.S.C. § 2. (Doc. 1, 59). Defendant is also charged with possession of a firearm by an illegal alien in violation of 28 U.S.C. §§ 922(g) and 924(a). (Id.).

Upon Defendant's request, he has undergone a series of psychological testing. (Docs. 79, 93. 105, 107) and this case was stayed to allow Defendant to undergo a mental competency examination. (Doc. 9, 108). This Court has scheduled and rescheduled a competency hearing several times. (See July 7, 2017 docket entry, and Doc. 138). On June 19, 2017, a Forensic Psychologist in a Forensic Report (the Report) opined that Defendant was not mentally competent to stand trial at the time because he did not

appear to understand the nature and consequences of the proceedings against him or to be able to properly assist in his defense. (Doc. 125, at 7, filed under seal). The Report also indicated that there was a substantial probability that Defendant will attain the capacity to permit a trial to proceed in the foreseeable future if he is committed for treatment under the provisions of 18 U.S.C. § 4241(d). (Id.). The Report further recommended that Defendant be committed for such treatment. (Id.).

On August 7, 2017, the Court held a status conference with counsel for Defendant and the Government regarding the Report. (Doc. 124). Both parties appeared in Court and consented, without the necessity of a hearing, to an extension of time to allow Defendant to receive treatment to restore his competency, if possible. Thereafter, on August 8, 2017, this Court found by a preponderance of the evidence that with continued hospitalization and treatment for an additional reasonable period of time, there is a substantial probability that Defendant will attain the capacity to permit the criminal proceedings against him to go forward. In accordance with 18 U.S.C. § 4241(d)(2)(A), this Court **ORDERED** Defendant to remain committed to the custody of the Attorney General and **ORDERED** the Attorney General to continue to hospitalize Defendant for treatment in a suitable facility for an additional reasonable period of time. (Doc. 126).

After several requests for extension of time for a mental competency hearing, the parties appeared before this Court on September 12, 2018, and informed the Court that Defendant was conceding that he was competent to stand trial and that there is no evidence in dispute of this. (See Sept. 12, 2018, docket entry). Thereafter, on September

14, 2018, a copy of Defendant's Forensic Evaluation was filed by the Government. (Doc. 142, filed under seal).  Therein, a Certificate of Restoration of Competency to Stand Trial certifies pursuant to 18 U.S.C. § 4241(e) that Defendant is able to understand the nature and consequences of the proceedings against him and to properly assist in his own defense.  (Doc. 142, at 3).

Based on the Defendant's concession that he is now competent to stand trial (i.e. able to understand the nature and consequences of the proceedings against him and to properly assist in his own defense) and the findings provided in the Forensic Evaluation, Defendant appears to now be competent to stand trial.  Accordingly, the undersigned reports that Defendant is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  Instead, this Court finds that although Defendant Humberto Vega-Gutierrez may suffer from borderline intellectual functioning, he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and has a rational as well as factual understanding of the proceedings against him.  Therefore, the undersigned **RECOMMENDS** that Defendant be found **COMPETENT** to stand trial.

**IT IS SO REPORTED AND RECOMMENDED**, this __5__ day of November, 2018.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE