# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL ACTION NO. |
| : | 1:15-CR-178-RWS-LTW-2 |
| HUMBERTO VEGA- : | |
| GUTIERREZ, : | |
| : | |
| Defendant. : | |

## ORDER

This matter is before the Court on the Reports and Recommendations of Magistrate Judge Linda T. Walker [Doc. Nos. 144 and 146].

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and

recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72, advisory committee note, 1983 Edition, Subdivision (b). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

Here, Defendant does not object to the R&R that contains the recommendation that Defendant Vega-Gutierrez be found competent to stand trial [Doc. No. 144]. After viewing the record and the R&R, the R&R is hereby approved and adopted as the opinion and order of this Court. As such, the Court finds that Defendant Vega-Gutierrez is competent to stand trial.

Defendant does object to the later R&R [Doc. No. 146]. As to the Motion to Suppress Evidence, Defendant argues that probable cause did not support the warrant for the Target Residence. The Court disagrees. It is clear that the Target Residence was connected to criminal activity. Agent Moye established that Defendant and his son engaged in a pattern of utilizing houses to facilitate drug

2

sales, and he also connected the drug transaction activity to the Target Residence directly. A confidential source told DEA Agents that he or she had purchased one ounce of methamphetamine from Defendant on January 19, 2015, and that he or she had traveled to the Target Residence to purchase methamphetamine from Defendant eight different times in the past. Although Defendant argues that the information was stale, it can be reasonably inferred that a drug transaction occurred in the residence on the very day or day before the warrant application is submitted.

As to the Motion to Suppress Statements, Defendant argues that the later interview statements were tainted by the earlier extreme show of force. The Court disagrees. Although there was an initial show of force by law enforcement officers entering and securing Defendant's residence, the circumstances under which the interview of Defendant took place did not involve the same show of force. The post-Miranda interview of Defendant took place almost an hour and a half later, and Defendant appeared to be in good physical condition and not impaired in any way. Under the totality of the circumstances, Defendant's Mirandized statements were the product of his own free will and were not obtained via coercion. The Court also agrees that the interrogation techniques

3

used here were not done in a calculated way to undermine Defendant's Miranda warning, and the circumstances do not support the conclusion that the two-step interrogation tactic was used.

For the reasons discussed above, Defendant's objections [Doc. No. 151] are OVERRULED, and the R&R [Doc. No. 146] is hereby approved and adopted as the opinion and order of this Court. As such, the Motion to Suppress Evidence [Doc. No. 140] is DENIED, and the Motion to Suppress Statements [Doc. No. 141] is GRANTED in part and DENIED in part.

**SO ORDERED** this 5th day of February, 2019.

_____
RICHARD W. STORY
United States District Judge

AO 72A
(Rev.8/82)